UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN E. MAYS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TODD STOBIE, MIKE RIGNEY, JODY MUNDELL, DONALD BLAIR, JOHN HILDERBRAND, JOE RODRIGUEZ, DUSTIN HIBBARD, DALE BUTTREY, NEZ PERCE COUNTY, a political subdivision of the State of Idaho, the CITY OF LEWISTON, a municipality incorporated in the State of Idaho, and JOHN DOE(S) I-XV,<br><br>　　　　　　Defendants. | Case No. 3:08-cv-552-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Court on Plaintiff's motion for leave to file a third

amended complaint. (Dkt. No. 71.)  Plaintiff seeks leave to specifically identify several

defendants previously designated in the First Amended Complaint (Dkt. No. 29) as John

Does XI-XV.  Although Plaintiff's motion requests only the replacement of Does XI-XV

with named defendants in the caption, the proposed amended complaint (Dkt. No. 93)[1]

---

[1]     Plaintiff did not initially submit a proposed amended complaint with his third
motion to amend as required by Local Rule of Civil Practice 15.1.  On October 1, 2010,

sets forth different facts than those originally alleged in the first amended complaint and the new facts have the effect of altering the theory of the case against Nez Perce County. Defendant Nez Perce County opposes the motion, arguing that it should be denied because it was filed after the deadline for amendments and joinder of parties set forth in the Court's Scheduling Order (Dkt. No. 19) and on the grounds of undue delay and unfair prejudice.

The Court has reviewed the parties' filings, including Plaintiff's Third Motion to Amend (Dkt. No. 71), Jason Wood's Declaration in Support of Third Motion to Amend (Dkt. No. 72), Defendant Nez Perce County's Response (Dkt. No. 84), Plaintiff's Reply (Dkt. No. 85), and the Supplemental Responses filed by Defendants Nez Perce County and City of Lewiston (Dkt. Nos. 95 and 96).[2] The Court also entertained arguments from counsel during a telephonic hearing on the motion on December 1, 2010. For the reasons discussed below, the Court will grant Plaintiff's Third Motion to Amend. However, although the Court does not find that the Defendants will suffer prejudice sufficient to deny the amendment, the Court does find good cause for slight modification of the Scheduling Order in light of the additional allegations contained in the proposed amended

---

the Court ordered the Plaintiff to *lodge* his proposed amended complaint with the Court and to serve the proposed amended complaint on the Defendants. (Dkt. No. 91). On October 12, 2010, Plaintiff *filed* his proposed amended complaint through the Court's electronic filing system. (Dkt. No. 93). The filing of the proposed complaint on CM/ECF, rather than lodging it with the Court as ordered, was procedurally irregular in this case.

[2]     Defendants' Supplemental Responses were filed in response to, and in opposition to, the additional facts contained in Plaintiff's third amended complaint.

complaint. Defendants will be allowed to serve supplemental expert witness disclosures strictly related to the additional facts alleged in the proposed amended complaint on or before January 10, 2011, and the deadline for filing dispositive motions will be extended to January 31, 2011.

## BACKGROUND

Plaintiff Kevin Mays filed this action on December 19, 2008, alleging civil rights violations, assault, battery, and intentional infliction of emotional distress. Verified Complaint (Dkt. No. 1-1). The Complaint was filed against the City of Lewiston, several police officers, Nez Perce County, and Does I-V, further identified as agents, officials, and/or employees of the City of Lewiston, Idaho or County of Nez Perce, Idaho. The allegations in the original Complaint are based on a single incident occurring on or about December 23, 2006, when several officers with the Lewiston Police Department and Nez Perce County Sheriff's Department allegedly brutally attacked, beat and electrically shocked Plaintiff despite his cooperation with their requests.

The Scheduling Order entered in this case established December 2, 2009, as the deadline to join parties and amend pleadings. (Dkt. No. 19). Plaintiff filed his first Motion for Leave to Amend Complaint (Dkt. No. 20) on July 23, 2009. The motion sought to add causes of action relating to a second incident that allegedly occurred on or about November 17, 2008. Specifically, Plaintiff alleged in his first amended complaint that, while he was incarcerated at the Nez Perce County Jail on charges unrelated to the first incident, several members of the Nez Perce County Sheriff's Department viciously

beat him in retaliation for filing the action against the Sheriff's Department related to the first incident. See Plaintiff's First Amended Complaint, at ¶ 69 ("Without provocation . . . the officers dragged Kevin from his cell and took him to an isolated area of the jail and savagely beat Kevin about the head, torso, back, legs, and arms, bashing his head off of the concrete and metal bed frames, nearly killing him.") (Dkt. No. 29).

The individual defendants allegedly involved in the second incident were fictitiously designated John Does XI-XV.  On November 10, 2009, the Court granted Plaintiff's motion in part, allowing the inclusion of the second incident and the addition of the fictitiously designated defendants. See Order granting in part and denying in part Pl.'s Mot. to Amend Complaint (Dkt. No. 28).

Pursuant to the Court's Scheduling Order (Dkt. No. 19), the deadline for amendment of pleadings and joinder of parties elapsed on December 2, 2009.  On December 18, 2009, Nez Perce County Defendants supplemented their initial disclosures and identified all individuals who may have knowledge regarding the second incident alleged in Plaintiff's first amended complaint and disclosed all documents in their possession related to the second incident. Nez Perce County's Resp. to Pl.'s Third Mot. to Amend Complaint (Dkt. No. 84).  Approximately six months later, on June 29, 2010, Plaintiff took the deposition of a representative of Nez Perce County. See Dec. of Jason Wood in Supp. of Third Mot. to Amend Complaint (Dkt. No. 72).[3]  Plaintiff represents

---

[3]     The disclosures were general in nature, and did not specifically describe the role of each jailer.

that this deposition was the first time he learned the names of those specifically in charge of Plaintiff's care and custody during the relevant times and locations pertaining to the second incident. *Id*., at ¶ 8.

Plaintiff now has moved the Court for leave to file a third amended complaint. (Dkt. No. 71).[4]  Plaintiff's motion was filed on July 13, 2010—less than one month after the June 29, 2010 deposition, but over eight months past the scheduling order deadline for amendments.  The motion seeks leave to substitute eight defendants (all alleged agents or employees of Nez Perce County) in place of the fictitious defendants named in the first amended complaint.[5]  Plaintiff's proposed amended complaint  also  amends the factual allegations concerning the second incident.  In the First Amended Complaint (Dkt. No. 29) Plaintiff alleges *affirmative* tortious and unconstitutional actions undertaken by his custodians while incarcerated at Nez Perce County Jail:

> 68.     As Kevin rested in his cell, members of the Nez
> Perce County Sherriff's Department, John Does XI through
> XV, approached Devin's cell[] intending to harass,
> intimidate, and influence Kevin's potential testimony in court.

---

[4]     Plaintiff filed a Second Motion to Amend Complaint (Dkt. No. 44) on March 16, 2010.  On May 17, 2010, Plaintiff withdrew the motion, (Dkt. No. 67), and on May 24, 2010, the Court denied Plaintiff's motion without prejudice. (Dkt. No. 68.)

[5]     Plaintiff seeks to name the following individuals as defendants: Jody Brown, Jamie Romer, Mike Roberts, J. Martin, J. Gunter, Richard Smith, Gabe Richardson, and Jack McGee.  Nez Perce County pointed out during arguments on the motion that Plaintiff named a ninth defendant in the caption of the proposed amended complaint that was not listed in the motion.  The individual listed in the caption of the proposed third amended complaint but not in the motion is Steve Lutes.

> 69.    Without provocation, on information and belief
> the officers dragged Kevin from his cell and took him to an
> isolated area of the jail and savagely beat Kevin about the
> head, torso, back, legs, and arms, bashing his head off of the
> concrete and metal bed frames, nearly killing him.
>
>          . . .
>
> 77.    The officers' application of force was
> objectively excessive and unreasonable under the
> circumstances and constitutes a knowing and/or reckless
> violation of clearly established rights under the Fourth and
> Eighth Amendments of the United States Constitution.

Pl.'s Amend. Compl., at 12 (Dkt. No. 29).  Plaintiff also pled in the alternative: "Kevin

suffered an acute seizure with severe spasms and convulsions that alerted or should have

alerted the officers to Kevin's seizure, to which John Does XI through XV were alerted."

Pl.'s Amend. Compl., at ¶ 86 (Dkt. No. 29).  In contrast to the factual allegations pled in

the first amended complaint, Plaintiff's proposed third amended complaint alleges the

following factual scenario:

> 68.    In the days leading up to the night of November
> 16, 2008, Kevin began exhibiting symptoms of delirium
> tremens, or severe alcohol withdrawal, which symptoms each
> of the Nez Perce County jailers recognized in Kevin and
> which disease they each admitted was a potentially life
> threatening disease.  Kevin's symptoms, including
> hallucinations and ultimately acts of self-harm, gradually
> increased in severity, until on November 16, 2008, Kevin was
> in the throes of delirium tremens severe enough that he
> repeatedly smashed his head against the door and walls of his
> cell.
>
> 69.    The jailers learned of Kevin's behavior and
> observed his blood spilled on the floor and throughout his jail
> cell.  The jailers made no effort to contact any medical

personnel or notify anyone of higher authority to inquire what should be done to care for Kevin. Instead they did nothing more than shackle Kevin to a restraint chair for a period of time and then release [sic] him.

. . .

71. The jailers, acting under color of Idaho law, were deliberately indifferent to Kevin's serious medical condition and failed to take any action to provide aid for what they knew was not only a serious health condition but a potentially life-threatening disease, failed to notify any health care providers or anyone else who could assist Kevin, and otherwise failed to assist Kevin in any way, and otherwise exhibited callous disregard of Kevin's clearly established rights under the Eighth Amendment to the United States Constitution.

Pl.'s Prop. Third Amend. Compl., at 11-12 (Dkt. No. 93). Additionally, Plaintiff alleges deliberate indifference to a serious health condition by the jailers, in contrast to the excessive force allegations in the first amended complaint.

## ANALYSIS

There are two issues before the Court: first, because the Plaintiff's motion was filed after the scheduling order deadline, the Court must determine whether the Plaintiff has demonstrated "good cause" under Federal Rule of Civil Procedure 16(b) to amend the scheduling order; and second, if "good cause" exists, the next question is whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).

Defendant Nez Perce County asks the Court to deny Plaintiff's motion on the ground that it was filed after the scheduling order cut-off date for amendment of

pleadings and joinder of parties. See Nez Perce County's Resp. to Pl.'s Third Mot. to Amend, at 5 (Dkt. No. 84).  Plaintiff has not sought leave to amend the Scheduling Order. While the Defendants do not challenge the motion on this ground, the Ninth Circuit Court of Appeals has indicated that a party seeking to amend a pleading after the scheduling order deadline has expired should first seek leave to amend the scheduling order. See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made)).  Other Circuits have suggested otherwise. See, e.g., *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (holding that the district court impliedly granted a motion to amend the scheduling order by allowing defendant to move for summary judgment after the cut-off date for pretrial motions).

The Court finds that, when a scheduling order deadline has expired for the amendment of pleadings, the moving party should file a motion to amend the scheduling order before seeking leave to amend the pleading itself.  However, the Court also finds that treating a motion to amend a pleading filed after the cut-off date for amendments as an implicit request to amend the scheduling order is more in line with the purpose of the Federal Rules of Civil Procedure.  According to the United States Supreme Court, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of

pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178,

181-82 (1962) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).  This approach also is

more in line with the Ninth Circuit's recent statement that "the Federal Rules of Civil

Procedure[] "[are] to be liberally construed to effectuate the general purpose of seeing

that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*,__F.3d__, 2010

WL 4323429 (9th Cir. Nov. 3, 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th

Cir. 1983)).

Once the district court has filed a pretrial scheduling order pursuant to Federal

Rule of Civil Procedure 16,[6] which establishes a timetable for amending pleadings, a

motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily

by Rule 15(a). See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.

1992).  In other words, where a motion to amend the pleadings is filed after the cut-off

date in the scheduling order, federal courts apply a two-step analysis. See *Johnson v.

Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); see also, *Pumpco, Inc. v.

Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).  First, the court must

determine whether "good cause" exists for the requested modification of the scheduling

deadline under Federal Rule of Civil Procedure 16(b). *Pumpco, Inc.*, 204 F.R.D. at 668.

Second, if the court is satisfied that the movant has demonstrated "good cause" under

Rule 16(b), the court then must determine whether the party has satisfied the

---

[6]      Unless otherwise noted, all citations to Rules are to the Federal Rules of Civil
Procedure.

requirements for amendment under Rule 15(a). *Id.*; see also *Forstmann v. Culp*, 114

F.R.D. 83, 85 (M.D.N.C. 1987) (holding that a party seeking to amend a pleading after

the date specified in the scheduling order must first show "good cause" for the

amendment under Rule 16(b), then, if "good cause" be shown, the party must

demonstrate that the amendment is proper under Rule 15).

1.      **"Good Cause" under Rule 16(b)**

Rule 16(b) provides that a scheduling order may be modified only upon a showing

of "good cause." Fed. R. Civ. P. 16(b)(4) (emphasis added).  Unlike Rule 15(a), which

focuses on the bad faith of the party seeking to interpose an amendment and the prejudice

to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the

diligence of the party seeking the amendment. *Mammoth Recreations, Inc.*, 975 F.2d at

609.  The Ninth Circuit has stated that a "district court may modify the pretrial schedule

'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

*Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).  Put

simply, "good cause" means scheduling deadlines cannot be met despite a party's

diligence. 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231

(2d ed. 1990).

In light of the focus of Rule 16(b) on the diligence of the moving party, in

*Pumpco, Inc. v. Schenker International, Inc.*, the United States District Court for the

District of Colorado stated that, if "a party first learns, through discovery or disclosures,

information necessary for the assertion of a claim after the deadline to amend established

in the scheduling order has expired . . . good cause [exists] to extend that deadline." 204 F.R.D. at 668-69.  The Court agrees.  If a party does not learn of information necessary to amend its complaint until after the scheduling order deadline, no amount of diligence would allow the party to seek amendment before the expiration of the deadline.

In this case, the Scheduling Order set December 2, 2009, as the cut-off date for amendment of pleadings and joinder of parties.  Plaintiff's third motion to amend, filed on July 13, 2010, comes well after the deadline for amendments.  Plaintiff argues, however, that he could not have met that deadline because the defendants did not supply the discovery that led to the motion to amend until December 18, 2009.  Defendant Nez Perce County does not dispute that the discovery concerning the second incident was not supplied to the Plaintiff until December 18, 2009. Nez Perce County's Resp., at 2 (Dkt. No. 84).  Because the Defendant did not supply Plaintiff with information necessary to amend the complaint until after the scheduling order deadline, the Court finds that good cause exists under Rule 16(b) to amend the scheduling order.  Accordingly, the next question is whether Plaintiff has satisfied the more liberal standard in Rule 15(a) governing the amendment of pleadings.

**2.**     **Standard for amendment of pleadings under Rule 15(a)**

Rule 15(a) provides that, except for amendments allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Rule 15(a)'s liberal amendment policy contributes to the over arching

policy of the Federal Rules of Civil Procedure--"to facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41, 48 (1957)--by allowing parties to have an opportunity to present their best case based on claims and defenses that, for one reason or another, may have become apparent only after the pleadings have been filed.

The United States Supreme Court, in interpreting Rule 15(a), has set forth the standard to be applied by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The most important factor is whether amendment would prejudice the opposing party. *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973).

In this case, Plaintiff's proposed amended complaint adds nine defendants to the caption, all of whom are agents or employees of Nez Perce County and work at the Nez Perce County Jail with the exception of Mike Roberts, whom counsel for Nez Perce County indicated to the Court during the hearing on the motion is no longer employed by

the county.  Plaintiff also added facts to his complaint concerning the second incident.

Defendant Nez Perce County argues that these amendments should be denied on the basis

of undue delay and unfair prejudice.  This Court must consider two questions: first,

whether the defendants will suffer unfair prejudice if the nine  Nez Perce County

employees are added to the complaint at this stage of the litigation; and second, whether

the defendants will suffer unfair prejudice due to the additional facts contained in the

proposed amended complaint.

### A.    The additional defendants

As to the first question, the Court finds that the defendants will not suffer unfair

prejudice if seven of the nine  proposed defendants are added to the complaint.  The

Court recognizes that it is rather late in the game for the Plaintiff to be adding defendants

to the complaint.  The discovery deadline has already expired pursuant to the Amended

Scheduling Order (Dkt. No. 59); dispositive motions are due in less than one month, *id.*

(setting the dispositive pretrial motion cut-off date on December 17, 2010), and trial is set

to commence June 14, 2011.

Although Plaintiff's motion was filed at this late stage in the litigation, the

proposed defendants are not without adequate notice however.  Plaintiff's first amended

complaint, filed on July 23, 2009 (almost four months before the discovery cut-off date),

included allegations that several Nez Perce County agents or employees working at the

Nez Perce County Jail (fictitiously designated as John Does XI-XV) engaged in actions

allegedly depriving the Plaintiff of his constitutional rights.

Furthermore, the Court agrees with Plaintiff that the defendants sought to be added share a common identity with Defendant Nez Perce County. All but two of the proposed defendants (Mike Roberts and J. Gunter) have been deposed in this case and were represented during their depositions by counsel for Nez Perce County. The Court also considers the fact that Nez Perce County controlled the information regarding the identity of the jailers following the filing of the First Amended Complaint to weigh in favor of granting the amendment. Finally, the Court finds that Plaintiff's filing of the Third Motion to Amend less than one month after taking the deposition of Nez Perce County's representative does not constitute undue delay within the meaning of the Supreme Court's holding in *Foman v. Davis*, 371 U.S. 178 (1962).[7]

Because the defendants were on notice that Plaintiff was making claims against the Nez Perce County jailers fictitiously identified in the first amended complaint, and the notice came well before the discovery cut-off date, the Court finds neither Nez Perce County nor seven of the nine proposed defendants will be unfairly prejudiced by the addition of Jody Brown, Jamie Romer, J. Martin, J. Gunter, Richard Smith, Gabe Richardson, and Jack McGee as named defendants to the complaint.

---

[7] Nez Perce County argues that undue delay should be measured from December 18, 2009, when Defendants served their supplemental initial disclosures concerning the second incident on the Plaintiff. Nez Perce County argues that all of the proposed defendants now listed in the amended complaint were listed in the disclosures served on December 18. However, as the Court has already noted above, the disclosures referred to were general in nature, and did not specifically describe the role of each jailer. See *supra*, n. 3.

The Court does agree with Nez Perce County, however, that Mike Roberts and Steve Lutes should not be added as defendants to the complaint. Unlike the other proposed defendants, Roberts no longer works for Nez Perce County, has not been deposed, and has not been represented by counsel for Nez Perce County. Likewise, Plaintiff did not seek the addition of Lutes in his motion to amend and only added Lutes to the caption before providing the proposed amended complaint to the Court and Defendants' counsel. The Court does not find that the omission of Lutes in the motion and his subsequent appearance in the caption of the proposed amended complaint was the result of some nefarious purpose by Plaintiff's counsel. However, since Plaintiff's motion does not seek leave to add Mr. Lutes to the amended complaint, and Plaintiff did not seek leave to add Mr. Lutes to the caption in the hearing on the motion, the Court will not allow this amendment.

### B.    Addition of factual allegations in the Third Amended Complaint

Defendants Nez Perce County and City of Lewiston also argue that the addition of factual allegations in Plaintiff's proposed third amended complaint will result in unfair prejudice. The gravamen of Defendants' argument is that Plaintiff's change in factual allegations—from allegations in the first amended complaint that the Nez Perce County jailers actively assaulted Plaintiff to the new allegations in the proposed third amended complaint that Plaintiff was suffering from delirium tremens and severely injured himself—would be highly prejudicial because Defendants' experts "have not been privy to plaintiff's new allegations contained in [the] proposed Third Amended Complaint and

the deadline for their disclosures has passed."[8] Defs. Supp. Resp., at 3 (Dkt. No. 95).

Defendants also claim they may need to depose Plaintiff a second time due to the new

factual allegations.  For the reasons discussed below, the Court is not persuaded that

Defendants have demonstrated prejudice sufficient to deny the amendment.

As a practical matter, any delay in amending a pleading "will almost invariably

result in some 'prejudice' to the nonmoving party.'" *Advocat v. Nexus industries, Inc.*,

497 F.Supp. 328, 331 (D. Del. 1980).  Accordingly, in deciding Rule 15 motions, courts

must balance their overriding interest in achieving a decision on the merits against the

potential for prejudice or unfair disadvantage to a nonmoving party caused by an

amendment." *Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450, 452 (D. Del. 1984).

Furthermore, "the non-moving party must do more than simply claim prejudice; it must

show that it will be unfairly disadvantaged or deprived of the opportunity to present facts

or evidence which it otherwise could have offered had the amendment been timely." *Hill*

*v. Equitable Bank, N.A.*, 109 F.R.D. 109, 112 (D. Del. 1985).

Several courts, including the Ninth Circuit, have held that the addition of factual

allegations to a pleading or a change in the theory of the case that necessitates further

discovery can result in prejudice sufficient to deny an amendment under Rule 15(a).

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The

---

[8]      During the hearing, counsel for Nez Perce County Defendants acknowledged that
Defendants' experts had all the information available for their reports other than the
reworded allegations regarding the second incident contained in the proposed third
amended complaint.

**MEMORANDUM DECISION AND ORDER - 16**

new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense."); *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (denying amendment where the motion was made three weeks before trial and there had already been extensive discovery in the case, none of which had been directed at the proposed amendment); *Conroy Datsun Ltd. V. Nissan Motor Corp. in U.S.A.*, 506 F. Supp. 1051, 1054 (N.D. Ill. 1980) (denying amendment filed ten days before the close of discovery where the amendment, if allowed, would require additional and duplicative discovery on an entirely new area of inquiry); *McCann v. Frank B. Hall & Co., Inc.*, 109 F.R.D. 363, 367 (N.D. Ill. 1986) ("where the amendment significantly changes the complaint, thereby necessitating substantial additional discovery, leave to amend should be denied.").  On the other hand, "[a] court will generally grant leave to amend, even if discovery is substantially completed, if the discovery has adequately covered the subject matter of the amendment." *McCann*, 109 F.R.D. at 367.

Given the case law presented above, the question effectively becomes whether the additional factual allegations in Plaintiff's proposed third amended complaint would require Defendants to conduct significant further discovery.  The proposed amended complaint alleges that Plaintiff was exhibiting symptoms of delirium tremens, that he was suffering hallucinations, and that he ultimately inflicted severe harm upon himself while in custody at the Nez Perce County Jail.  Defendants argue that these new allegations will

require additional time for expert discovery, and as such, the motion to amend should be denied.

If Defendants had not already been in possession of the above factual allegations prior to the filing of the third motion to amend, they would be correct and the Court most likely would not allow the amendment. After reviewing the parties' papers and hearing arguments on the matter, however, it appears clear that the Defendants already were in possession of the allegations contained in the proposed third amended complaint as early as August 2, 2010 (more than three months prior to the close of discovery). Plaintiff served Defendants with its Expert Witness Disclosure (Dkt. No. 83) on August 2, 2010, filing the same with the Court. The Disclosure includes a report by Robert S. West, MD (Dkt. No. 83-2), in which Dr. West outlines the following facts relevant to the disposition of this motion:

> Kevin E. Mays was arrested . . . on 7 November 2008 and remanded to the Nez Perce County Jail on $10,000 Bond with a Preliminary Hearing Scheduled for 19 November 2008.
>
> . . .
>
> At 0330 hr on 14 November 2008 Inmate Mays was yelling in B Block that he had been bitten by a snake.
>
> . . .
>
> At 1355 hr on 14 November inmate Mays approached Deputy Gunter and Romer about bugs in his cell. Cell checked three times and no bugs found.
>
> At 0136 hr on 15 November 2008 Deputies Judy Brown, White and Frost responded to B Block due the Inmate Mays

banging on the cell and shouting about being bitten by a cat in his cell. He requested medical personnel to examine him or to go to the hospital . . . .

Comment made that "he is currently acting as if he is detoxing as he is not only hallucinating but also shaking violently. We continue to monitor him."

. . .

He was handcuffed and transferred to the South 1 (S1) Isolation Cell.

. . .

At 0755 hr on 15 November 2008 Deputy Gunter (D65) reported that the water to S1 had been turned off due to inmate Mays throwing water out the Observation port. He was "continuously ranting about snakes, crabs and us supposedly gassing him." Inmate threatened to kill himself . . . . The suicide watch journal shows entries from 1 to 45 minutes apart as Inmate continued to rip clothing, scream, yell, stating that he was going to die, requesting that his hand be cut off etc.

At 0005 hr, 16 November 2008, Inmate Mays was transported to St. Joseph's hospital by Sgt Wilson and Deputy Rodriguez. He was given Thiamine 100 mg Im and returned to Nez Perce County Jail at 0145 and replaced in South 1 (SI) Cell.

. . .

By 0230 hr on 16 November 2008, he was again standing at the door of the cell, incoherent. At 1350 hr on 16 November 2008 he was placed in a "Restraint Chair" due to 'Self Injury.' At 1412 on 16 November 20080 [sic] Deputy Gunter described Inmate Mays "banging around in his cell." Gunter went back to check on him and noticed a large amount of blood smeared on the wall along with a small cut above his left eye.

Report of Robert S. West, MD, FACS (Dkt. No. 83-2). Dr. West's report clearly tracks the allegations in Plaintiff's proposed third amended complaint. Based on Plaintiff's expert disclosures, the Court finds that Defendants had access to the same information that formed the factual allegations contained in Plaintiff's proposed third amended complaint as early as August 2, 2010. The Court also notes that Dr. West states in his expert report that the report is based on, among other information, the Depositions of Lt. Jack McGee, Deputy Jamie Romer, the Nez Perce County jail booking records, jail log and suicide watch journal. In other words, Defendant Nez Perce County was in possession of the information that eventually ended up in Plaintiff's proposed third amended complaint even earlier than August 2, 2010, when Plaintiff disclosed Dr. West's report.

In light of the above discussion, the Court finds Defendant Nez Perce County's argument that its experts "have not been privy to plaintiff's new allegations contained in [the] proposed Third Amended Complaint" unsupported by the record. Nez Perce County conceded at the hearing on the motion that their experts had in fact reviewed Plaintiff's expert witness disclosures before preparing their own. Thus, the Court holds that Nez Perce County has not demonstrated prejudice sufficient to warrant the denial of Plaintiff's third motion to amend. However, in light of the argument that Defendants' experts based their opinions (at least in part) on the facts as alleged in the First Amended Complaint, in an abundance of caution, the Court will allow Defendants to serve supplemental expert disclosures on or before January 10, 2011. Defendants'

supplemental expert disclosures shall be strictly limited to the additional allegations alleged in Plaintiff's Proposed Amended Complaint (¶¶ 66-84).  The Court also finds good cause to move the dispositive motions deadline to January 31, 2011.[9]


## **ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED that:**

1.      Plaintiff's Third Motion to Amend Complaint (Dkt. No. 71) is **GRANTED in part and DENIED in part**.  Jody Brown, Jamie Romer, Jaclyn Martin, Jacob Gunter, Richard Smith, Gabe Richardson, and Jack McGee shall be added to the complaint in place of Does XI through XV.  Neither Mike Roberts nor Steve Lutes shall be added to the complaint.

2.      The Amended Scheduling Order (Dkt. No. 59) is **Hereby Further Amended** as follows:

A.      Defendants may, if they choose to do so, serve supplemental expert disclosures on or before **January 10, 2011**.  Defendants' supplemental expert disclosures shall be strictly limited to the additional allegations alleged in Plaintiff's Proposed Amended Complaint (Dkt. No. 93, ¶¶ 66-84).

---

[9]      The parties are advised, however, that the trial date of June 14, 2011, remains set and any further requests for extension of the dispositive motion deadline would likely result in continuance of the trial date.

B.     The dispositive motions deadline, set for December 17, 2010, is

**hereby vacated**.  The parties shall file their dispositive motions on or before

**<u>January 31, 2011</u>**.

3.     Plaintiff shall conform his Third Amended Complaint to this Order and file

it no later than five (5) days after the date this Order is entered.

Dated: December 07, 2010

Honorable Candy W. Dale
United States Magistrate Judge