IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN E. MAYS<br><br>                    Plaintiff,<br><br>vs.<br><br>TODD STOBIE, individually and in his official capacity as police officer, MIKE RIGNEY, individually and in his official capacity as police officer,  JODY MUNDELL, individually and in his official capacity as police officer, DONALD BLAIR, individually and in his official capacity as a sergeant of the Nez Perce County Sheriff's Department, JOHN HILDERBRAND, individually and in his official capacity as a sergeant of the Nez Perce County Sheriff's Department, JOE RODRIGUEZ, individually and in his official capacity as a deputy of the Nez Perce County Sheriff's Department, DUSTIN HIBBARD, individually and in his official capacity as deputy of the Nez Perce County Sheriff's Department, John Does(s) I-V, individually and in their official capacity as agents, officials, and/or employees of City of Lewiston Idaho or County of Nez Perce, Idaho, COUNTY OF NEZ PERCE, IDAHO, a political subdivision of the State of Idaho, CITY OF LEWISTON, IDAHO, a municipality incorporated in the State of Idaho.<br><br>                    Defendants. | Case No.  3:08-CV-552-EJL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On February 14, 2012, Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation (Docket No. 247) in this matter.  Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation.  Plaintiff filed an objection on March 2, 2012 (Dkt. 248) and Defendant Donald Blair filed a response to the objection on March 12, 2012.  The matter is now ripe for the Court's review.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.*  In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi,* 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39(clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

Judge Dale determined Plaintiff Kevin Mays ("Mays") was the prevailing party in his claims against Defendant Blair and recommended awarding $84,791.41 in attorneys fees and costs to Mays.  Mays objects to the magistrate judge's failure to include in the award of attorneys fees the attorneys fees incurred defending the related criminal charges against Mays and the seventy-five percent (75%) reduction based on Plaintiff's limited success.  The Court will address each of these objections.

## FACTUAL BACKGROUND

The Court is very familiar with this case since it ruled on the dispositive pre-trial motions and conducted the jury trial on Mays' claim of excessive force by both city and county law enforcement officers.  The Court adopts the factual background set forth in the Report and Recommendation and incorporates the same by reference.

## ANALYSIS

### 1. Failure to Include Attorneys Fees Incurred for Related Criminal Charges

Plaintiff argues it was error for the magistrate judge not to include the attorneys fees related to the criminal charges that resulted when Mays was arrested.  The Court respectfully disagrees.  The Court finds this request for attorneys fees as damages was previously  rejected by the Court.

While it is possible for the costs of certain related criminal charges to be included as damages in a § 1983 claim, that is not what occurred in this case.  Plaintiff did not timely disclose his "damages" comprised of attorneys fees to successfully defend the criminal charges Mays faced as a result of his arrest on December 23, 2006: resisting arrest and obstruction of justice.  *See* motions in limine filed by Defendants, Dkts. 137

**ORDER ADOPTING REPORT AND RECOMMENDATION- 3**

and 138.  The Court heard oral argument on this motion in limine and allowed Plaintiff to make an offer of proof as to the alleged damages. The Court orally ruled Plaintiff would not be allowed to submit such "damages" to the jury on the excessive force claim.

Now, Plaintiff is trying to include the same damages as "attorneys fees" under § 1988.  When the claim for damages was rejected by this Court, this did not open the door for  Plaintiff to ignore the Court's prior ruling and re-characterize the damages as "§ 1988 attorneys fees."  *Borunda v. Richmond*, 885 F.2d 1384, 1389-90 (9th Cir. 1989) is controlling on this issue that these criminal defense attorneys fees are compensable damages, not attorneys fees under § 1988.  The *Borunda* court cited *Kerr v City of Chicago*, 424 F.2d 1134, 1141 (7th Cir. 1970) for the specific proposition that a "plaintiff in a civil rights action is allowed to recover the attorneys' fees in a state criminal action where the expenditure is a foreseeable result of the acts of the defendant." *Id.*  In this case, the Court determined these economic harm damages were not timely disclosed by Plaintiff (since such were known before the civil complaint was filed and such were not provided to defendants until shortly before the start of the trial) and Plaintiff offered the Court no legal authority for the submission of the damages at the time of trial.

Moreover, Plaintiff did not seek these criminal attorneys fees in his prayer for relief in his Second Amended Complaint.  The Court finds the § 1983 claim of excessive force did not require that Plaintiff successfully defend the criminal charges received on the same date as the alleged excessive force occurred and this claim for attorneys fees was properly denied by Judge Dale.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 4**

### 2. Overall Reduction in Requested Attorneys Fees

Plaintiff's second objection is that the seventy-five percent (75%) recommended reduction to the already reduced attorneys fees is unwarranted. The Plaintiff originally sought $1.5 million damages in his initial Complaint.  The jury awarded $1,954.27 in damages and numerous causes of action were dismissed by the Court prior to the excessive force claim being submitted to the jury. The Court notes that it referred this motion for attorneys fees to the magistrate judge to allow for an independent review of the request for fees, because this Court was shocked when it initially reviewed the Plaintiff's motion  wherein Plaintiff was requesting $439,678.20 in § 1988 attorneys fees when Plaintiff had only prevailed against one of five individual law enforcement officers, did not prevail against any of the municipal entities, was only awarded $1,954.27 in compensable damages and was not awarded any punitive damages by the jury.  The Court has now had the opportunity to review the magistrate judge's detailed analysis of the attorneys fees request and finds her calculation of fees and costs under § 1988 to be both well reasoned as well as proper under the existing case law.  Plaintiffs' objection regarding the reductions calculated by Judge Dale shall be denied.

The Court is well aware of its duties in calculating attorneys fees under § 1988. *Hensley v. Eckerhart*, 461 U.S. 242 (1983) provides authority for a court to reduce the lodestar calculations after considering the overall success of the party seeking attorneys fees.  In the absence of "excellent" results, a fully compensatory fee may be excessive and the court should reduce the lodestar figure to account for the limited success.  *Id.* at 434.  "Indeed, 'the most critical factor' in determining the reasonableness of a fee award

**ORDER ADOPTING REPORT AND RECOMMENDATION- 5**

'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citing *Hensley* at 436).

In this case, the results achieved by Plaintiff were not excellent.  In fact, in this Court's judgment the results were achieved were barely above the level of *de minimis* success since no other damages than the minimal medical costs were recovered.  The jury rejected Plaintiff's request during closing arguments for significant punitive damages and only found excessive force was used by one of the five officers that started the trial.  There was no evidence of a change in departmental policy as a result of this incident like this Court awarded fees in a nominal damages § 1983 case.  *See Beier v. City of Lewiston*, Civ. 99-244-N-EJL, Dkt. 163.  There simply is no evidence of a non-monetary benefit that was obtained by Plaintiff or the public due to this case.

"[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case" but that does not provide a 'a form of economic relief to improve the financial lot of attorneys.'"  *Perdue v. Kenny A*, ___U.S. ___, 130 S.Ct. 1662, 1672 (2010) (citations omitted).  The Court agrees with Plaintiff that the lodestar method yields a fee that is presumptively sufficient to achieve this objective.  *Id.* at 1673.  However, in this particular case, the presumptive fee must be adjusted as to do otherwise would be encouraging attorneys to take civil rights cases with insignificant damages in order to recover exorbitant attorneys fees.  The fees would benefit the attorneys, but there would be little benefit to the client who had his or her civil rights violated.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 6**

Even Plaintiff's counsel seems to acknowledge the very limited success achieved when counsel argues that a more reasonable reduction would be fifty percent (50%) from the lodestar calculation.

Therefore, in taking into account the results obtained in the action, the Court finds the recommended seventy five percent reduction is appropriate in this particular case. The Court concurs in this recommended reduction percentage by weighing the extent Plaintiff prevailed, the limited damages awarded, the Court's view the excessive force claim was not overly complex and the law well-established, the fact that whether or not excessive force actually occurred in this case was a very close call as indicated by the testimony of the Plaintiff, officers involved and the experts, the fact this case has not been shown to have led to changes to the City of Lewiston policies, all other claims against the other four law enforcement officers were dismissed (one before being submitted to the jury) and the claims against the municipalities were also dismissed before being submitted to the jury.  The Court has also considered the significance of the legal issues on which the Plaintiff prevailed and the public purpose the Plaintiff's litigation served. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  Because the jury did find Plaintiff's civil rights had in fact been violated by one officer, the legal fees are not being reduced by more than seventy-five percent.  In sum, Plaintiff's attorneys are entitled to a recovery of fees, but such recovery must be very limited when the record in this matter is fully considered.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 7**

This Court takes seriously the purpose behind § 1983 actions to protect the civil rights of our citizens, but the attorneys fees requested are excessive and a reasonable award based on Plaintiff's very limited success against Defendant Blair is more than adequately covered by an award of $84,791.41 in attorneys fees and costs under § 1988.

## ORDER

**IT IS ORDERED:**

1) The Report and Recommendation (Docket No. 11) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

2) The Plaintiff's Petition for Award of Attorneys Fees (Dkt. 218) is **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be awarded $84,791.41 in attorneys fees and costs under 42 U.S.C. § 1988.

3) Other costs submitted in the parties Bills of Costs will be addressed in the taxation of costs by the Courtroom Deputy.

DATED:  **March 16, 2012**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION- 8**